UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DEWAYNE MCQUEEN, Individually and on behalf of a Class of All Others Similarly Situated, and RAY CEDENO, Individually and on behalf of a Class of All Others Similarly Situated,

                                              Plaintiffs,

- against -

THE CITY OF NEW YORK, POLICE COMMISSIONER DERMOT SHEA, Individually and in his Official Capacity, POLICE OFFICER PETER RUOTOLO, Individually and in his official capacity, POLICE OFFICER OMAR ELTABIB, Individually and in his Official Capacity, and NEW YORK CITY POLICE OFFICERS JOHN AND JANE DOES,

                                              Defendants.

-----------------------------------------------------------------x

**ANSWER**

20 CV 4879 (BMC)

        Defendants The City of New York, Police Commissioner Dermot Shea, Police Officer Peter Ruotolo, and Police Officer Omar Eltabib (hereinafter "Defendants"), by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1.        Paragraph "1" of the Complaint does not contain any allegations that require an admission or a denial; however, to the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to proceed as set forth therein, and respectfully refer the Court to the legislation referenced therein.

        2.        Paragraph "2" of the Complaint does not contain any allegations that require an admission or a denial; however, to the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to proceed as set forth therein, and respectfully refer the Court to the legislation referenced therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except that Plaintiffs purport to proceed as set forth therein.

4. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

5. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that The City of New York employs the named defendants.

8. Deny the allegations set forth in paragraph "8" of the Complaint as it contains legal conclusions, except admit that Commissioner Dermot Shea is the Commissioner of the New York City Police Department (NYPD) and that Plaintiffs purport to proceed as set forth therein, and affirmatively state that Commissioner Shea acted at all times lawfully and properly.

9. Deny the allegations set forth in paragraph "9" of the Complaint as it contains legal conclusions, except admit that Defendant Ruotolo is an employee of the City of New York and that Plaintiffs purport to proceed as set forth therein, and affirmatively state that Defendant Ruotolo acted at all times lawfully and properly.

10. Deny the allegations set forth in paragraph "10" of the Complaint as it contains legal conclusions, except admit that Defendant Eltabib is an employee of the City of New York and that Plaintiffs purport to proceed as set forth therein, and affirmatively state that Defendant Eltabib acted at all times lawfully and properly.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Admit the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that legislation concerning bail became effective on January 1, 2020.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that the bail legislation concerns, *inter alia*, issuance of Desk Appearance Tickets (DATs).

15. Deny the allegations set forth in paragraph "15" of the Complaint, and respectfully refer the Court to the statute referenced therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, and respectfully refer the Court to the statute referenced therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint, and respectfully refer the Court to the statute referenced therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to the statute referenced therein.

19. Deny the allegations set forth in paragraph "19" of the Complaint, and respectfully refer the Court to the statute referenced therein.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that the bail legislation had been in effect for more than one week on January 11, 2020.

21. Admit the allegations set forth in paragraph "21" of the Complaint.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiff McQueen was arrested for driving while intoxicated and driving while ability impaired.

25. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "25" of the Complaint.

26. Admit the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "28" of the Complaint.

29. Admit the allegations set forth in paragraph "29" of the Complaint.

30. Admit the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint and its footnote, and affirmatively state that a chemical analysis determined that Plaintiff McQueen's blood alcohol content was .076%.

32. Admit the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Admit the allegations set forth in paragraph "34" of the Complaint.

35. Admit the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Admit the allegations set forth in paragraph "37" of the Complaint.

38. Admit the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that Plaintiff was arraigned..

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that Plaintiff McQueen was taken to the New York County courthouse at 100 Centre Street.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that Plaintiff McQueen was released on his own recognizance.

46. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "46" of the Complaint.

47. Admit the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Admit the allegations set forth in paragraph "52" of the Complaint.

53. Admit the allegations set forth in paragraph "53" of the Complaint.

54. Admit the allegations set forth in paragraph "54" of the Complaint.

55. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint, and affirmatively state that Plaintiff Cedeno with arrested for driving while intoxicated and driving while ability impaired.

57. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "57" of the Complaint.

58. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "58" of the Complaint.

59. Admit the allegations set forth in paragraph "59" of the Complaint.

60. Admit the allegations set forth in paragraph "60" of the Complaint.

61. Admit the allegations set forth in paragraph "61" of the Complaint.

62. Admit the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint and its footnote, and affirmatively state that a chemical analysis determined that Plaintiff Cedeno's blood alcohol content was .077%.

64. Admit the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Admit the allegations set forth in paragraph "66" of the Complaint.

67. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "67" of the Complaint.

68. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, and affirmatively state that Plaintiff Cedeno was transferred to central booking.

70. Deny the allegations set forth in paragraph "70" of the Complaint, and affirmatively state that Plaintiff Cedeno was transferred to central booking.

71. Deny the allegations set forth in paragraph "71" of the Complaint, and affirmatively state that Plaintiff Cedeno was held at central booking.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except admit that Plaintiff Cedeno was arraigned on February 1, 2020.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that Plaintiff Cedeno was transferred to the New York County Courthouse at 100 Centre Street.

76. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "76" of the Complaint, except admit that Plaintiff Cedeno was released on his own recognizance.

77. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit that Plaintiff Cedeno was detained for approximately 24 hours.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except admit that Plaintiff Cedeno was detained for approximately 24 hours.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

84. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph 91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Defendants adopt and incorporate herein by reference their responses to all the prior paragraphs.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "99" of the Complaint.

100. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "100" of the Complaint.

101. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "101" of the Complaint.

102. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Defendants adopt and incorporate herein by reference their responses to all the prior paragraphs.

111. Deny the allegations set forth in paragraph "111" of the Complaint, except admit that Defendants Ruotolo and Eltabib were employed by the City of New York at the times relevant to this action.

112. Deny the allegations set forth in paragraph "112" of the Complaint, except admit that Defendants Ruotolo and Eltabib were acting within the scope of their employment at the times relevant to this action.

113. Deny the allegations set forth in paragraph "113" of the Complaint, and affirmatively state that Defendants Ruotolo and Eltabib were employed by the City of New York and were acting within the scope of their employment at the times relevant to this action.

114. Deny the allegations set forth in paragraph "114" of the Complaint, except admit that Defendants Ruotolo and Eltabib were in uniform at the time Plaintiffs were arrested.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Defendants adopt and incorporate herein by reference their responses to all the prior paragraphs.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Defendants adopt and incorporate herein by reference their responses to all the prior paragraphs.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "133" of the Complaint.

134. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "134" of the Complaint.

135. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "135" of the Complaint.

136. Deny knowledge or information sufficient to for a belief concerning the allegations set forth in paragraph "136" of the Complaint.

137. Deny the allegations set forth in paragraph "137" of the Complaint.

138. Deny the allegations set forth in paragraph "138" of the Complaint.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

143. Deny the allegations set forth in paragraph "143" of the Complaint.

144. Deny the allegations set forth in paragraph "144" of the Complaint.

145. Defendants adopt and incorporate herein by reference their responses to all the prior paragraphs.

146. Deny the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny the allegations set forth in paragraph "148" of the Complaint.

149. Deny the allegations set forth in paragraph "149" of the Complaint.

150. Deny the allegations set forth in paragraph "150" of the Complaint.

151. Deny the allegations set forth in paragraph "151" of the Complaint.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. Deny the allegations set forth in paragraph "154" of the Complaint.

155. Deny the allegations set forth in paragraph "155" of the Complaint.

156. Defendants adopt and incorporate herein by reference their responses to all the prior paragraphs.

157. Deny the allegations set forth in paragraph "157" of the Complaint.

158. Deny the allegations set forth in paragraph "158" of the Complaint, and affirmatively state that officers have discretion to issue DATs.

159. Deny the allegations set forth in paragraph "159" of the Complaint.

160. Deny the allegations set forth in paragraph "160" of the Complaint.

161. Deny the allegations set forth in paragraph "161" of the Complaint.

162. Deny the allegations set forth in paragraph "162" of the Complaint.

163. Deny the allegations set forth in paragraph "163" of the Complaint.

164. Deny the allegations set forth in paragraph "164" of the Complaint.

165. Deny the allegations set forth in paragraph "165" of the Complaint.

166. Defendants adopt and incorporate herein by reference their responses to all the prior paragraphs.

167. Deny the allegations set forth in paragraph "167" of the Complaint, and affirmatively state the Commissioner Shea was sworn in as Commissioner of the NYPD on December 2, 2019.

168. Deny the allegations set forth in paragraph "168" of the Complaint.

169. Deny the allegations set forth in paragraph "169" of the Complaint.

170. Deny the allegations set forth in paragraph "170" of the Complaint.

171. Deny the allegations set forth in paragraph "171" of the Complaint.

172. Deny the allegations set forth in paragraph "172" of the Complaint.

173. Deny the allegations set forth in paragraph "173" of the Complaint.

174. Deny the allegations set forth in paragraph "174" of the Complaint.

175. Deny the allegations set forth in paragraph "175" of the Complaint.

176. Deny the allegations set forth in paragraph "176" of the Complaint.

177. Defendants adopt and incorporate herein by reference their responses to all the prior paragraphs.

178. Deny the allegations set forth in paragraph "178" of the Complaint.

179. Deny the allegations set forth in paragraph "179" of the Complaint.

180. Deny the allegations set forth in paragraph "180" of the Complaint.

181. Deny the allegations set forth in paragraph "181" of the Complaint.

182. Deny the allegations set forth in paragraph "182" of the Complaint, and affirmatively state that officers have discretion to issue DATs.

183. Deny the allegations set forth in paragraph "183" of the Complaint.

184. Deny the allegations set forth in paragraph "184" of the Complaint.

185. Deny the allegations set forth in paragraph "185" of the Complaint.

186. Deny the allegations set forth in paragraph "186" of the Complaint.

187. Deny the allegations set forth in paragraph "187" of the Complaint.

188. Deny the allegations set forth in paragraph "188" of the Complaint.

189. Deny the allegations set forth in paragraph "189" of the Complaint.

## AS AND FOR A FIRST DEFENSE:

190. The Complaint fails to state a claim for which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

191. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD DEFENSE:

192. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably, properly, lawfully, and in good faith.

## AS AND FOR A FOURTH DEFENSE:

193. The individually named Defendants are entitled to qualified immunity.

**WHEREFORE**, Defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 22, 2020

>JAMES E. JOHNSON
>Corporation Counsel of the
>   City of New York
>Attorney for Defendants
>100 Church Street, Room 2-116
>New York, NY 10007
>Tel: (212) 356-0871
>Fax: (212) 788-0877
>mtoews@law.nyc.gov
>
>
>By:      /s/ MGT
>Mark Galen Toews
>Assistant Corporation Counsel