UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                        :
DEWAYNE MCQUEEN and RAY                                  :
CEDENO,                                                  :    **MEMORANDUM DECISION AND**
                                                        :    **ORDER**
                            Plaintiffs,                  :
                                                        :    20-cv-4879 (BMC)
            - against -                                  :
                                                        :
CITY OF NEW YORK, DERMOT SHEA,                           :
PETER RUOTOLO, and OMAR ELTABIB,                         :
                                                        :
                            Defendants.                 :
                                                        :
-------------------------------------------------------- X

**COGAN**, District Judge.

In this removed putative class action, plaintiffs allege that their rights were violated when they were subject to pre-arraignment detention by defendants. Although plaintiffs do not dispute that there was probable cause to support their arrests for drunk driving, they argue that defendants were required to issue them a desk appearance ticket ("DAT") rather than detain them under New York's recent bail reform legislation.

Defendants have moved for judgment on the pleadings, and plaintiffs have moved to certify a class. For the reasons stated below, defendants' motion is granted as to plaintiffs' federal law claims and those claims are dismissed. Plaintiffs' remaining state law claims are remanded and their motion to certify a class is denied as moot.

## BACKGROUND

### I.      New York Bail Reform

In April 2019, the New York State Legislature passed bail reform legislation that altered the circumstances under which people accused of crimes may be detained or imprisoned prior to

conviction.  This legislation came into effect January 1, 2020.  Among these changes is an amendment to New York's Criminal Procedural Law ("CPL") that makes it mandatory for police to issue a DAT for certain misdemeanors and infractions, as opposed to detaining a suspect prior to arraignment.  See CPL § 150.20(1)(a) ("Whenever a police officer is authorized . . . to arrest a person without a warrant for an offense other than [certain felonies or violations] . . . he shall, except as set out in paragraph (b) of this subdivision . . . instead issue to and serve upon such person an appearance ticket.").  The bail reform statute lists several exceptions to the DAT requirement.  See CPL § 150.20(1)(b).  One such exception applies to instances in which "the person is charged with a crime for which the court may suspend or revoke his or her driver license."  CPL § 150.20(1)(b)(vii).

## II.    Plaintiffs Arrested for Drunk Driving

On January 11, 2020, plaintiff DeWayne McQueen was arrested at approximately 3:40 a.m. by a NYPD officer on suspicion of drunk driving.  After initially refusing testing at the police precinct, McQueen's blood alcohol content ("BAC") was tested and measured at .07%.  He was charged with violating VTL § 1192(1), which prohibits driving while ability impaired ("DWAI"), and VTL § 1192(3), which prohibits driving while intoxicated ("DWI").[1]  See VTL § 1192(1) ("No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol."); VTL § 1192(3) ("No person shall operate a motor vehicle while in an intoxicated condition.").  McQueen was detained for

---

[1] Plaintiffs' complaint does not contain any allegations regarding the specific crimes with which plaintiffs were charged.  However, plaintiffs attached the misdemeanor complaints against each plaintiff – which do specify the charges – as exhibits to their motion to certify a class.  See Dkt. 15-4, 15-6.  The Court takes judicial notice of these complaints for the fact that plaintiffs were charged with certain crimes.  See Griffith v. Clarkstown Police Dep't, No. 20-cv-06505, 2022 WL 1213452, at *2 n.3 (S.D.N.Y. Apr. 25, 2022); Casey v. Odwalla, Inc., 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018); Garcia–Garcia v. City of New York, No. 12-cv-1302, 2013 WL 3832730, at *1 n.1 (S.D.N.Y. July 22, 2013).

approximately 20 hours before he was arraigned and released on his own recognizance.  His driver's license was not suspended or revoked at his arraignment.

Similarly, on February 1, 2020, at approximately 1:24 a.m., plaintiff Ray Cedeno was arrested on suspicion of drunk driving.  After being brought back to the police precinct, his BAC was tested and measured at .07%.  Cedeno was charged with DWAI and DWI.  He was detained for approximately 24 hours before being released on his own recognizance, without suspension or revocation of his driver's license.

A DWAI under VTL § 1192(1) is "a traffic infraction . . . "punishable by a fine of not less than three hundred dollars nor more than five hundred dollars or by imprisonment in a penitentiary or county jail for not more than fifteen days, or by both such fine and imprisonment."  VTL § 1193(1)(a).  DWI under VTL § 1192(3) is a "misdemeanor . . . punishable by a fine of not less than five hundred dollars nor more than one thousand dollars, or by imprisonment in a penitentiary or county jail for not more than one year, or by both such fine and imprisonment."  VTL § 1193(1)(b)(i).  VTL § 1193 further mandates that "a court shall suspend a driver's license, pending prosecution, of any person charged with a [DWI] who, at the time of arrest, is alleged to have had .08 of one percent or more by weight of alcohol in such driver's blood as shown by chemical analysis of blood, breath, urine or saliva."  VTL § 1193(2)(e)(7).

### III.   Procedural History

Plaintiffs filed this class action suit in state court on June 15, 2020.  On October 9, 2020, defendants removed the case to federal court based on federal question jurisdiction over plaintiffs' federal law claims.

Plaintiffs moved to certify a class under Federal Rules of Civil Procedure Rule 23 comprising "all DUI-suspects in New York City who agreed to blow into a breathalyzer, blew under the legal limit of 0.08 BAC, and were nevertheless denied a DAT by the arresting officer." Defendants opposed their motion, and also moved for judgment on the pleadings under Rule 12(c) and to dismiss for lack of standing under Rule 12(b)(1).[2]

## ANALYSIS

### I.   Legal Standard

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2006)).  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Twombly, 550 U.S. at 558.

"In considering a motion to dismiss for failure to state a claim under [Rule] 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference," as well as "matters of

---

[2] Defendants purport to challenge plaintiffs' standing, but their arguments on this point really go to the merits of plaintiffs' claims.  The Second Circuit has "cautioned against arguments that would essentially collapse the standing inquiry into the merits." See SM Kids, LLC v. Google LLC, 963 F.3d 206, 212 (2d Cir. 2020) (cleaned up).  In alleging that they were wrongfully detained, plaintiffs have pled concrete injuries-in-fact sufficient to establish Article III standing.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).  Whether those claims have merit is a different question.

which judicial notice may be taken."[3]  Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## II.     Plaintiffs Fail to State a Federal Claim

Plaintiffs argue that defendants violated their rights because New York's bail reform legislation required that they be issued a DAT instead of detained after they were arrested for and charged with DWAI and DWI.  Defendants move to dismiss the claims, arguing that plaintiffs were not entitled to a DAT because they were charged with DWI, which is "a crime for which the court may suspend or revoke [a person's] driver license" and therefore exempted from New York's DAT mandate.[4]  See CPL § 150.20(1)(b)(vii); VTL § 1193(2)(e)(7) ("a court shall suspend [the] driver's license" of a person charged with DWI who registers a BAC of .08% or higher).  Plaintiffs argue that defendants' reading of the statute is wrong and contrary to the purpose of bail reform.  They maintain that they were not "charged with a crime for which the court may suspend or revoke [a person's] driver license" because they did not register a BAC of over .08% – meaning that they did not meet the statutory prerequisite that triggers automatic suspension or revocation.

This dispute raises interesting questions of statutory interpretation – but this Court need not reach them.  Even assuming plaintiffs' reading of the statute is correct, plaintiffs have failed to state a claim for deprivation of any *federal* right.  Plaintiffs' claims are entirely premised on

---

[3] Plaintiffs contend that defendants' motion for judgment on the pleadings must be converted into a motion for summary judgment because defendants' motion includes information "*dehors* the pleadings" by making reference to the specific crimes with which plaintiffs were charged.  Because the Court can take judicial notice of the misdemeanor complaints charging plaintiffs with DWAI and DWI, see supra n.1, the Court can properly consider these facts without converting the motion.

[4] The parties agree that if plaintiffs were charged only with DWAI, the bail reform law would require that they be issued a DAT.

defendants' alleged failure to abide by New York's bail reform legislation.[5]  In plaintiffs' words, New York's "Bail Reform legislation . . . delineates the 'process' that is 'due' in cases presenting a Relevant DUI" – *i.e.*, that "the suspect must be released with a DAT rather than detained pending an arraignment."  But plaintiffs' attempt to base federal constitutional requirements on state statutory law is misplaced.

With respect to plaintiffs' claim under 42 U.S. Code § 1983, "[i]t is axiomatic that violations of state law alone are insufficient to state a claim for [§] 1983 relief."  Powers v. Coe, 728 F.2d 97, 105 (2d Cir. 1984); see also Reed v. Medford Fire Dep't, Inc., 806 F. Supp. 2d 594, 607-08 (E.D.N.Y. 2011) ("The Second Circuit has held that a plaintiff cannot maintain a cause of action under Section 1983 when the alleged deprivation of due process is based on the violation of state law.").  To the extent plaintiffs' § 1983 claim is based on unlawful detention in violation of the Fourth Amendment, the Second Circuit has held that "the issuance of a DAT for the release of an arrestee immediately upon completion of the postarrest administrative procedures is not constitutionally required."[6]  See Bryant v. City of New York, 404 F.3d 128, 138 (2d Cir. 2005).

At the very least, the defendant officers would be entitled to qualified immunity because there is no "controlling authority" or "a robust consensus of cases of persuasive authority" that

---

[5] In opposing defendants' motion for judgment on the pleadings, plaintiffs make no attempt to articulate why the issuance of a DAT was required by federal law or how defendants' conduct otherwise violated plaintiffs' federal rights.

[6] Although the Second Circuit in Bryant addressed New York's "discretionary scheme" with respect to DATs, as opposed to a statute that required the issuance of a DAT, the court's holding as to "[w]hat is constitutionally required" remains applicable even if the officers violated state law in failing to issue a DAT.  See Bryant, 404 F.3d at 138 ("What is constitutionally required is that, except in extraordinary circumstances, the arrestee be given a hearing into probable cause for the arrest within 48 hours.").  Here, neither plaintiff challenges probable cause to arrest and both plaintiffs spent 24 hours or less in detention.

clearly establishes a right to be issued a DAT as opposed to detained.  See Liberian Cmty. Ass'n
of Connecticut v. Lamont, 970 F.3d 174, 186 (2d Cir. 2020).

Plaintiffs have also fallen far short of stating a substantive due process claim based on
"conscience-shocking" or "egregious" conduct on behalf of the arresting officers.  See Bryant,
404 F.3d at 135 ("[D]efendants' conduct in denying DATs did not reach the 'conscience-
shocking level' that would be necessary to support a claim of denial of substantive due
process"); TZ Manor, LLC v. Daines, 815 F. Supp. 2d 726, 746 (S.D.N.Y. 2011) ("[A]
governmental act that is unauthorized by, or that even violates, state or local law, is not per se
conscience shocking or egregious for federal constitutional purposes or arbitrary in the
constitutional sense." (cleaned up)).

Plaintiffs' federal law claims are therefore dismissed.

### III.    Plaintiffs' State Law Claims Are Remanded

Having dismissed plaintiffs' federal law claims, the Court declines to exercise
supplemental jurisdiction over plaintiffs' remaining state law claims.  See 28 U.S. Code §
1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction" if "the district
court has dismissed all claims over which it has original jurisdiction."); see id. at § 1367(c)(1) (a
district court "may decline to exercise supplemental jurisdiction" if "the claim raises a novel . . .
issue of State law.").  Plaintiffs' state law claims are therefore remanded to state court.

## CONCLUSION

Defendants' motion for judgment on the pleadings is granted as to plaintiffs' federal
claims and those claims are dismissed.  Plaintiffs' remaining state law claims are remanded.
Plaintiffs' motion to certify a class is denied as moot.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan

_____
U.S.D.J.

Dated:  Brooklyn, New York
February 14, 2023